# JOHN G. JOHNSON v. WILD RICE BOOM COMPANY.[1]

October 10, 1913.

Nos. 18,147—(227).

**Wilful diversion of water — question for jury — evidence.**

Action for diversion of water of river upon which plaintiff's mill was located. Verdict of $900. *Held:* (1) The verdict was sustained by sufficient competent evidence and cannot be disturbed after having received the approval of the trial court; (2) the question of the approximately actual profits was one for the jury, as was the question of the time lost in the operation of the mill, and (3) the court did not err in permitting plaintiff to testify to tests of the capacity of

---

[1] Reported in 143 N. W. 111.

the mill made before the interruptions caused by the wrongful diversion of the water.   [Reporter].

Action in the district court for Norman county to recover $1,000 for diverting the waters of Wild Rice river for four months preceding August 1, 1911, and. to enjoin defendants and its servants from diverting any of the waters from the channel of the river, which diversion should in any manner lessen or affect the use and enjoyment of plaintiff's water power.   The case was tried before Grinde- land, J., and a jury which returned a verdict of $900 in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed.   Af- firmed.

*Lind, Ueland & Jerome,* for appellant.
*Christian G. Dosland* and *Peter Sharpe,* for respondent.


PER CURIAM.

A former action between these parties involving the water rights here in ques- tion, and which came to this court for review, is reported in 118 Minn. 24, 136 N. W. 262.   The facts are there fully stated and need not be repeated.   That. action involved a claim for damages for the wrongful diversion of the waters of. Wild Rice river, upon which plaintiff's mill is located, for a period prior to April, 1911, and plaintiff's right of recovery was sustained.   The present action involves a claim for damages resulting from the diversion of the water of the river during the months of April, May, June and July, 1911.   At the trial below plaintiff had a verdict, and defendant appealed from an order denying its motions for a new trial.

The rules of law governing the rights of the parties were fully and clearly stated by Chief Justice Start in the opinion in the former case, and the trial of this action seems to have been conducted in harmony with the views there ex- pressed.   The jury awarded to plaintiff the sum of $900.   The principal question on this appeal is whether the evidence justifies a recovery in that amount.   The measure of plaintiff's recovery was loss of profits during the period the water was wrongfully diverted.

A careful consideration of the evidence, taken as a whole, results in the con- clusion that the amount awarded by the jury is supported by sufficient competent, evidence, and having received the approval of the trial court cannot be disturbed. Plaintiff testified in the former action, and also upon this trial, that his aver- age profits from the operation of the mill, with a full supply of water, was from $14 to $20 per day.   This estimate was based upon his long experience in operating the mill from tests made for the purpose of ascertaining its capacity.   The evidence was competent.   While the basis for the estimate, as brought out on cross-examination, somewhat reduced the amount, the testimony of plaintiff taken in its entirety, made the question of actual or approximately actual profits

one of fact for the jury. So also was the question of time lost in the operation of the mill. By a process of elimination defendant succeeds by a course of reasoning, proper for the consideration of the jury, in reducing the lost time to 23 days. But we conclude that the jury might well have found at least 69 days lost time between April and August. And so reducing the time, and accepting plaintiff's lowest estimate of profits, the verdict is within the evidence. We so hold.

There was no error in refusing the motion to strike out certain evidence as challenged by the third assignment of error; nor error in permitting plaintiff to testify to tests made of the capacity of the mill prior to the interruptions occasioned by the wrongful diversion of the water by defendant.

Order affirmed.